FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 MAR 21  PM 4:54

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| YVONNE MORSE | CIVIL ACTION |
| VERSUS | NO. 05-0872 |
| CINGULAR WIRELESS, LLC and EQUIFAX INFORMATION SERVICES, LLC | SEC. SECT. F MAG. 2 |

*************************************************************************

## CLASS ACTION COMPLAINT

The class action Complaint of plaintiff, Yvonne Morse, respectfully represents as follows:

### JURISDICTION AND VENUE

**1.**

This Honorable Court has jurisdiction in this action pursuant to 28 U.S.C. 1331 (federal question) in that this action is brought under the provisions of 15 U.S.C. 1681, *et seq.*, (the Fair Credit Reporting Act). Venue is appropriate in this district because plaintiffs sustained damages in the Eastern District of Louisiana as a result of the conduct of the defendants, both of which do business and are subject to personal jurisdiction in this district.

### PARTIES

**2.**

Plaintiff, Yvonne Morse, is a natural person of the age of majority, and a resident and domiciliary of the Eastern District of Louisiana.

___ Fee_250.00
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No _____

**3.**

Defendant, **Cingular Wireless, LLC** is a limited liability company domiciled in Delaware, with its principal office in Atlanta, Georgia. Defendant, **Equifax Information Services, LLC** is a limited liability company, with its domicile and principal office in Atlanta, Georgia. Defendants do business throughout the United States, including the Eastern District of Louisiana, and are subject to personal jurisdiction in the Eastern District of Louisiana. Defendants are involved in, and their activity affects, interstate commerce.

## FACTUAL ALLEGATIONS

**4.**

Defendant, Cingular Wireless, LLC ("Cingular"), mailed to plaintiff, Yvonne Morse, a written offer of a free cellular phone. In large, bold print, Cingular's offer states that the cell-phone and its shipping are free, that plaintiff is "pre-approved" to receive the free cell-phone, and need only call a toll-free number to have the cell-phone "rushed to her door." In fine, inconspicuous print, the solicitation states that the phone is free "with activation and a qualified calling plan," and that activation fees of up to thirty-six dollars may apply. The solicitation does not anywhere describe or define what a "qualified calling plan" is, nor does the solicitation state the cost of such a plan. Nowhere, in its bold print or its fine print, does the solicitation extend to plaintiff an offer of credit.

**5.**

In addition the text referred to in the preceding paragraph, Cingular's solicitation states, in fine print on the back side of the offer, that Cingular obtained plaintiff's consumer report (more commonly referred to as "credit report") to evaluate her creditworthiness before sending her its unsolicited marketing flyer.

6.

Plaintiff, Yvonne Morse, did not apply to Cingular for cellular phone service, nor did plaintiff apply to receive a free cell-phone. Plaintiff has no business relationship with Cingular whatsoever.

**FAIR CREDIT REPORTING ACT VIOLATIONS**

7.

Defendant, Cingular, violated the provisions of the Fair Credit Reporting Act, and in particular, 15 U.S.C. §1681b(f), by obtaining the consumer reports of plaintiff and all putative class members for the purpose of target marketing and without any permissible purpose under the exclusive list set forth in 15 U.S.C. §1681b; and further, without certifying to the consumer reporting agency from which Cingular received the consumer reports that the reports would be used for a permissible purpose and for no other purpose.

8.

Any offer of cellular phone service contained in Cingular's solicitation sent to plaintiff and the putative class members is so vague and lacking in terms that it cannot constitute a firm offer of credit, nor of cellular phone service, as contemplated by the Fair Credit Reporting Act with respect to prescreened offers of credit.

9.

Defendant, Cingular, violated the provisions of the Fair Credit Reporting Act, and in particular, 15 U.S.C. §1681m, by failing to include in its solicitation the clear and conspicuous disclosures required by that subsection. Instead, certain inadequate disclosures were made in fine print on the back side of the solicitation.

**10.**

Defendant, Equifax Information Services, LLC ("Equifax"), a consumer reporting agency, violated the provisions of the Fair Credit Reporting Act, and in particular, 15 U.S.C. §1681b, by providing the consumer reports of plaintiff and all putative class members to its customer, Cingular, for the purpose of target marketing and without any permissible purpose under the exclusive list set forth in 15 U.S.C. §1681b.

**11.**

Defendant, Equifax Information Services, LLC ("Equifax"), violated the provisions of the Fair Credit Reporting Act, and in particular, 15 U.S.C. §1681e, by providing the consumer reports of plaintiff and all putative class members to its customer, Cingular, without maintaining adequate procedures to ensure that consumer reports were provided and used only for those purposes permitted under 15 U.S.C. §1681b.

**FED. R. CIV. P. 23 CLASS ALLEGATIONS**

**12.**

Plaintiff brings this action on behalf of herself and all other similarly situated residents of the United States whose consumer reports were obtained by defendant, Cingular, from the database of defendant, Equifax, from March 21, 2003 to the present, in connection with target marketing of cellular phone service. Plaintiff and the putative class members seek relief under the provisions of 15 U.S.C. §1681n and 15 U.S.C. §1681o of the Fair Credit Reporting Act, for willful violations of the Act.

**13.**

All putative class members seek relief under the same legal and remedial theories, pursuant to the facts and law described in particular hereinabove, so that the claims of the representative

plaintiffs are typical of the claims of all class members.

14.

There are questions of law and fact set forth above which are common to all class members. The proposed class numbers more than one hundred persons, as evidenced by the bulk mail stamp appearing on Cingular's solicitation mailed to plaintiff. The class members are widely dispersed, making joinder is impractical.

15.

The representative plaintiff has no conflict which would prevent her adequate representation of all class members. The representative plaintiff is fully informed of the facts and circumstances and theories of recovery brought in this Complaint, and is in fact controlling this litigation with the assistance and advice of her counsel. Proposed class counsel is experienced in class action matters, having served as lead counsel in more than fifteen class action or putative class action matters in the Eastern District of Louisiana. Proposed class counsel is also experienced in federal consumer protection litigation. Class counsel has no conflicts which would prevent her adequate representation of all class members.

16.

This action should be maintained as a class action pursuant to **Fed. R. Civ. Proc. 23(b)(3)**, because common issues predominate over any individual ones, and because class action is superior to other methods available for resolution of this controversy. Common issues, which predominate, are among the following, non-exclusive particulars:

(a) Whether Cingular violated the provisions of the Fair Credit Reporting Act by obtaining consumer reports in connection with its target marketing of cellular phone service;

(b) Whether Cingular violated the provisions of the Fair Credit Reporting Act by obtaining and using credit reports without the certifications required by 15 U.S.C. §1681b(f);

(c) Whether Cingular's disclosures comport with the requirements of 15 U.S.C. §1681m of the Fair Credit Reporting Act;

(d) Whether Cingular's mailed solicitations comprise firm offers of credit as defined by the Fair Credit Reporting Act;

(e) Whether Equifax violated the provisions of the Fair Credit Reporting Act by providing consumer reports to Cingular for the purpose of target marketing cellular phone service;

(f) Whether Equifax violated the provisions of the Fair Credit Reporting Act by failing to maintain adequate procedures to prevent the furnishing of consumer reports except for the exclusive permissible purposes set forth in 15 U.S.C. §1681b.

**17.**

Class action is superior to other methods available for resolving this controversy, because repetitive litigation of identical issues as presented here would waste the resources of the courts and the parties; the individual stakes are small when compared with the high costs of the litigation; the class members are widely dispersed, and individual actions to protect their interests would be costly; and a single class action is superior to the repeated production and evaluation of evidence which would attend individual litigation of many claims having to do with identical issues.

**18.**

Plaintiffs are entitled to and demand a trial by jury.

**WHEREFORE**, plaintiff, Yvonne Morse, on behalf of herself and others similarly

situated, respectfully prays for judgment against defendants, Cingular Wireless, LLC and Equifax Information Services, LLC, including actual, statutory and punitive damages, as provided by the 15 U.S.C. 1681n, together with costs and attorney's fees as provided by those statutes, and all other relief to which plaintiff and the proposed class members are entitled.

Plaintiff further prays that this action be certified to proceed as a class action, and that they and their counsel be appointed class representative and class counsel, respectively.

Respectfully submitted,

Dawn Adams Wheelahan (19263)
650 Poydras Street, Suite 1550
New Orleans, Louisiana, 70130
Telephone: (504) 522-0495
Facsimile:  (504) 581-1624

# CIVIL COVER SHEET

**05-0872**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
YVONNE MORSE on behalf of herself and others similarly situated

**DEFENDANTS**
CINGULAR WIRELESS, LLC and EQUIFAX INFORMATION SERVICES, LLC

(b) County of Residence of First Listed Plaintiff: **JEFFERSON**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
DAWN ADAMS WHEELAHAN, 650 Poydras St. suite 1550, New Orleans, Louisiana 70130

Attorneys (If Known)

**SECT. F MAG. 2**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## V. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| 195 Contract Product Liability |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| 240 Torts to Land |  / ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights |  |  |  |
|  |  / ☐ 555 Prison Condition |  |  |  |
|  | ☐ 440 Other Civil Rights |  |  |  |

## ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## I. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Brief description of cause:
**15 USC 1681, FAIR CREDIT REPORTING ACT**

## II. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## III. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 3/21/05
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____